UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-80753-ROSENBERG/REINHART

US MED-EQUIP, LLC, et al,

        Plaintiffs,

vs.

KPC PROMISE HEALTHCARE, LLC,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR FEES AND COSTS [ECF No.29]**

Plaintiffs, US Med-Equip, LLC and Freedom Medical, Inc. (collectively "the Plaintiffs"), move for attorneys' fees and costs following Judge Rosenberg's entry of final judgment in their favor. ECF Nos. 24, 28–29. The Defendant, KPC Promise Healthcare, LLC has not responded to the Motion and the time for a response has expired. I have reviewed the Plaintiffs' Motion and the accompanying affidavits and for the reasons that follow, I recommend Plaintiffs' Motion for Attorneys' Fees and Costs be granted in part and denied in part.[1]

I.     LEGAL PRINCIPLES

---

[1] Judge Rosenberg referred this Motion for "appropriate disposition." ECF No. 30. I submit my findings in a Report and Recommendation as required by Federal Rules of Civil Procedure 54(d)(2)(D) and 72(b).

Applying Florida law in this diversity case, attorney's fees incurred in defending or prosecuting a claim "are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004) (quoting *Bidon v. Dep't of Pro. Regul.*, 596 So. 2d 450, 452 (Fla. 1992)). Here, it is undisputed that the parties had an attorneys' fees contractual provision. ECF No. 1-3 at p 13–14.

> **Attorneys' Fees and Costs.** In the event of a dispute arising under this Agreement, whether or not a lawsuit or other proceeding is filed, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including attorneys' fees and costs incurred in litigating entitlement to attorneys' fees and costs, as well as in determining or quantifying the amount of recoverable attorneys' fees and costs. The reasonable costs to which the prevailing party is entitled shall include costs that are taxable under any applicable statute, rule, or guideline, as well as non-taxable costs, including, but not limited to, costs of investigation, copying costs, electronic discovery costs, telephone charges, mailing and delivering charges, information technology support charges, FMI and expert witness fees, travel expenses, court reporter fees, and mediator fees, regardless of whether such costs are otherwise taxable.

*Id.* In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[2]

---

[2] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount

2

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). See also *Norman*, 836 F.2d at 1303

---

involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. See *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at 1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted). In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

Even though Defendant has not objected to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

## II. DISCUSSION

1. <u>Attorneys' hourly rate</u>

The Plaintiffs are represented by Bradley Arant Boult Cummings LLP. The law firm spent a total of 42.8 hours on the case at hourly rates that ranged between $415–$595 for attorneys and $295 for a paralegal. ECF No. 29-1. First, I find the attorneys' respective rates to be inconsistent. Five attorneys worked on this case, three of which are partners and one of which is a senior attorney. *Id.* The firm charged $595 for one partner's time, $515 for another, and $510 for a third. The firm charged $415 for the associate's time and $500 for the senior attorney's time. Counsel has not submitted any supplemental documentation explaining why five different attorneys worked on this case, explaining the difference in rates, or each respective attorney's experience. It was Plaintiffs' burden to supply the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate. *Barnes*, 168 F.3d at 427. Plaintiffs failed to do so. So, relying on my own knowledge and experience, I find the rates charged for the associate and partners to be excessive. The associate's rate should be reduced to $225, the senior attorney rate should be $325, and the partner rate should be $425. *See, e.g., Royal Caribbean Cruises LTD. v. E. India Travel Co., Inc.*, No. 19-CV-24021-UU, 2020 WL 9549530 (S.D. Fla. Mar. 19, 2020), *report and recommendation adopted,* No. 1:19-CV-24021-UU, 2020 WL 9549533 (S.D. Fla. Apr. 3, 2020)(holding $400 founding partner rate reasonable); *Global Horizons Inc. v. Del Monte Fresh Produce N.A., Inc.*, 2009 WL 855970 (S.D.Fla. Mar. 31, 2009) (awarding hourly rates for South Florida law firm of $300–475 per

5

hour for partners and $185–310 for associates). And, for the same reasons, the paralegal's rate should be reduced to $125. *See, Minden Pictures, Inc. v. SEPI Mktg. Corp.*, 22-cv-62135, 2023 WL 7490765, at *2 (S.D. Fla. Aug. 23, 2023) (finding counsel's paralegal rate of $125 to be reasonable); *see also Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal).

2. Hours Expended

The attorneys' billing records indicate that they spent 42.8 hours litigating this case on behalf of the Plaintiffs in approximately three months. ECF No. 29-1. During this time, the attorneys filed a complaint, a *pro hac vice* motion, moved for default, and received final judgment in favor of their clients ECF Nos. 1, 17–18, 20, 24, 28.

Some of the attorneys' billing entries charge excessive time for simple tasks (i.e., .1 hour reviewing a paperless order, .2 hour on an email). I find this practice excessive, and those hours should be reduced by one third. *See DaSilva v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at 7 (S.D. Fla. June 9, 2009) (citing *Denner v. Texas Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at 3 (W.D. Tex. Jan. 29, 2007) ("[C]ourt found attorney billed an excessive amount of time for reviewing emails, where she appeared to have billed .1 hour for each email she read."); *Alexandre v. Millenia Hous. Mgmt., Ltd.,* No. 19-80612-CIV, 2020 WL 9458895, at *5 (S.D. Fla. Mar. 4, 2020), report and recommendation adopted, No. 19-80612-CIV, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020).

Other time entries are vague (i.e., time entry titled "attention to filing of motion for default judgment" for .3 hour and "communications and related analysis to finalize Florida complaint" for .7 hours). ECF No. 29-1 at pp 3, 7. Other time entries are duplicative (i.e., the associate billed for an identical time entry both on May 29, 2024 and May 31, 2024; a partner and the senior attorney billed for reviewing and revising the motion for default judgment on the same day; time entry titled "strategize next steps in filing complaint, affidavit, and exhibits in federal court" for .1 hour; *compare* time entry titled "strategize drafting motion for final judgment" for .2 hour *with* "strategize drafting of motion for default judgment including contents of arguments and legal research needed to support re: same" for .2 hour *and* "strategize next steps for completing drafting of pleading" for .2 hour). *Id.* at pp 3, 4, 12. Or, where the associate, senior attorney, and partner billed for the same task back-to-back without explanation (*compare* time entry titled "revisions to petition" for 1.3 hours *with* "review and revise complaint to be filed for Florida action" for .6 hour *and* time entry titled "drafted edits to complaint and affidavit in support for filing in Florida federal district" for .4 hour all on June 4, 2024). *Id.* at p. 2.

Additionally, Counsel includes billing entries for the initials PWIL without an explanation of who the initials belong to and what role, if any, that person holds in the firm. Id. at pp 7–8.[3] And, without sufficient particularity, I cannot assess the

---

[3] I note one of the three time entries corresponding with the initials PWIL was clerical in nature and would have been stricken anyway (*see* time entry titled "coordinate

time claimed for each activity discussed above. *Barnes*, 168 F.3d at 427. So, those time entries should be stricken.

The partners' hours should be reduced to a total of 3.6, the senior attorney's hours should be reduced to a total of 12.2, the associate's hours should be reduced to a total of 15.3, and the paralegal's 2.90 hours should be stricken as clerical in nature. *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279 (S.D. Fla. 2010). Counsel should be compensated for a total of 31.1 hours, in the amount of $8,937.50.[4]

3. Plaintiffs' Motion for Costs

As the prevailing party, Federal Rule of Civil Procedure Rule 54(d) permits the Plaintiffs to recover their costs subject to cost types permitted under 28 U.S.C. § 1920. Plaintiffs seek reimbursement of $200 in filing fees which are taxable costs and should be awarded. 28 U.S.C. § 1920(1).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court grant in part and deny in part Plaintiffs' Motion for Attorneys' Fees and Costs in that Plaintiffs recover attorneys' fees in the amount of $8,937.50 and costs in the amount of $200 for a total of $9,137.50.

---

refiling of complaint" for .1 hour). ECF No. 29-1 at p 8. *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279 (S.D. Fla. 2010).

[4] This sum includes a total of 6.9 hours stricken as vague or duplicative or reduced by one-third.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of December 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE